# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**RAYMOND CLARK,**

    **Petitioner,**

  vs.                                  **NO. 05CV1338 WJ/WDS**

**ALAN UCHTMAN, Warden and**
**THE ATTORNEY GENERAL OF**
**THE STATE OF NEW MEXICO**

    **Respondents**

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

This is a Petition For a Writ of Habeas Corpus filed under 28 U.S.C. § 2254 by Raymond Clark. Clark is acting *pro se*. Respondents filed a response in opposition to the Petition. The United States Magistrate Judge, having considered the arguments of the parties, the record, relevant law, and being otherwise fully advised, finds and recommends that the Petition should be denied. The court makes the following findings and recommended disposition.

### CLAIMS

Clark claims that he was denied effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution as a result of defense counsel's failure to adequately represent him during his criminal trial. Specifically, he argues that his attorney misrepresented the

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

law and exaggerated the evidence against him in order to convince him to enter a plea bargain.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1988 Petitioner and co-defendant Angel Carreon were arrested and charged with the murder of Police Officer Thomas Richmond, who was shot after stopping Clark and Carreon for a traffic violation. Petitioner entered a plea of nolo contendere on March 20, 1989 and was sentenced to life in prison. Petitioner filed a direct appeal to the New Mexico Supreme Court and the court affirmed his conviction and sentence on December 6, 1989, and issued a mandate on December 22, 1989.

Petitioner filed a state habeas corpus petition in the Third Judicial District Court on December 8, 2000. That petition alleged ineffective assistance of counsel, and it was denied on April 6, 2001. Petitioner filed a Notice of Appeal on April 23, 2001, but took no further action to perfect the appeal. By order of April 7, 2003 the district court closed Petitioner's file.

Petitioner filed a motion to vacate sentence in the Third Judicial District Court on July, 2004. The motion was denied on July 12, 2004. Petitioner filed an untimely certiorari petition on December 13, 2004, which was denied by the New Mexico Supreme Court on December 30, 2004. The instant petition, filed December 7, 2005, followed.

## STANDARD OF REVIEW

Since Petitioner is in custody pursuant to the judgment of a State court, 28 U.S.C. § 2254 applies. Under 28 U.S.C. § 2254, a petitioner is entitled to federal habeas relief only if he can establish that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).  Petitioner must also satisfy the jurisdictional requirements of the Antiterrorism and Effective Death Penalty Act of 1996.  (AEDPA)

## ANALYSIS

The AEDPA provides a one-year statute of limitations for habeas corpus petitions filed by state prisoners.  28 U.S.C. §2244(d)(1).  The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Options (B)-(D) do not apply in this matter, so Petitioner's limitation period falls under subparagraph (A).  Direct review of the Petitioner's conviction and sentence concluded on December 22, 1989.  However, since the direct review of Petitioner's conviction concluded before the April 24, 1996 effective date of the AEDPA, Petitioner is entitled to a one-year "grace period."  Instead of expiring one year from December 22, 1989, Petitioner's limitation period expired on April 23, 1997, one year from the effective date of the AEDPA.

On it's face, the Petitioner's December 7, 2005 habeas petition was filed far beyond the §2244 one year limitations period.  However, §2244 also contains a provision that establishes a tolling period under certain circumstances.  §2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review. . .is pending shall not be counted

toward any period of limitation under this subsection." However, Petitioner did not file a State habeas petition, or other application for collateral review, until December 8, 2000, well over three years after the one-year AEDPA grace period had expired.

The filing of a State habeas petition or other collateral review tolls the limitations period, it does not restart the one-year clock. Accordingly, the instant Petition is barred, since the one-year statute of limitations period expired on April 23, 1997. In light of the fact that the pleading is time barred, the Court declines to address the merits of the Petition.

### RECOMMENDED DISPOSITION

The Court recommends that Clark's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254, filed December 7, 2005 be DISMISSED.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**